UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| LINDA MAGNELLO | : | |
| | : | |
| v. | : | CIV. NO. 3:05CV1176 (WWE) |
| | : | |
| TJX COMPANIES, INC. | : | |
| | : | |

RULING ON PENDING MOTIONS

Plaintiff's Motion to Compel and for Sanctions **[Doc. ##76 & 78]**

This action arises out of defendant's alleged failure to hire plaintiff on numerous occasions over a two year period. Pending is plaintiff's Motion to Compel and for Sanctions [**Doc. ##76 & 78**]. Plaintiff seeks enforcement of this Court's order dated February 2, 2007. Specifically, plaintiff seeks complete responses to Interrogatory Nos. 18-20 of plaintiff's Third Set of Interrogatories and Requests for Production. Plaintiff seeks reasonable expenses and attorneys fees incurred in bringing this motion.

1. Interrogatory Nos. 18 and 20

Plaintiff states that defendant has not completely responded to Interrogatory 18, which asks defendant to "identify each and every individual to which defendant offered employment in a planning or allocation position with Bob's Stores from January 1, 2004, to the present. With respect to each individual who was offered such a position, please provide his/her age, employment

1

and educational experience, qualifications for the position, and each and every reason why defendant offered the position to those individuals instead of plaintiff." Interrogatory No. 20 asked defendant to "identify each and every individual which defendant interviewed for a planning or allocation position with Bob's Stores from January 1, 2004 to the present. With respect to each individual who was offered such a position, please provide his/her age, employment and educational experience, qualifications for the position, and each and every reason why defendant decided to interview her." [Doc. #76 at 6].

Plaintiff states that defendant has not provided a response to Interrogatories 18 and 20 [Doc. #76 at 4, 6]. Regarding Interrogatory No. 18, plaintiff states that defendant produced "approximately 80 pages of applications and resumes concerning individuals who Counsel for defendant represents were hired by defendant for planning and allocation positions" but has not "provide[d] a verification pursuant to Rule 33 of the Federal Rules of Civil Procedure certifying that those documents contain the identity of every individual who defendant 'offered employment' in planning and allocation. . . ." [Doc. #76 at 5]. Moreover, defendant's production fails to "identify the ages of the individuals hired, or each and every reason why defendant hired the individuals. . . ." [Doc. #76 at 5-6]. Regarding Interrogatory No. 20, plaintiff states that defendant "produced 21 pages of resumes and applications concerning individuals who Counsel for defendant represents were not hired by defendant for

planning and allocation positions at Bob's Stores, and 80 pages of resumes and applications for individuals who Counsel for defendant represents were hired by Defendant for planning and allocation positions at Bob's Stores." [Doc. #76 at 7]. Plaintiff argues that "none" of the documents indicate whether any of the individuals were interviewed and "those documents do not contain the ages of the individuals, qualifications, or the reason why defendant decided to interview him/her, as this interrogatory requires." [Doc. #76 at 7].

Its undisputed that defendant has not verified its response pursuant to Fed. R. Civ. P. 33(b)(1) ("Each interrogatory shall be answered separately and fully in writing under oath.").

Defendant contends that it "has produced all of the files pertaining to each applicant" and states that plaintiff has "all of the information upon which the Company based its decision with respect to his/her age, employment, educational experience, and qualifications for the position." [Doc. #80 at 6]. Defendant contends that if the information is "not in the applicant's file, then the Company did not know it, and it could not have been relevant to the Company's decision to hire the applicant. It is particularly clear that information which is not contained in those files, and which the Company gleaned from the applicant only <u>after</u> she was hired, such as her age, is not relevant to the inquiry regarding the reasons that she was hired instead of plaintiff." [Doc. #80 at 6 (emphasis added)].

If defendant is offering the files pursuant to Rule 33(d),

it should state that in the verified response.  Rule 33(d) permits a party to answer an interrogatory by "[specifying] the records from which the answer may be derived or ascertained and [affording] the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records. . . ."  This option is available "where the answer to the interrogatory may be derived or ascertained from business records. . . of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as fro the party served. . . ."

Plaintiff is entitled to the information requested in Interrogatories Nos. 18 and 20, as it is "reasonably calculated to lead to the discovery of admissible evidence."  Accordingly, defendant will answer Interrogatories 18 and 20 in accordance with Fed. R. Civ. P. 33(b)(1) and 33(d), to the extent it has the information in its possession.

2. <u>Interrogatory No. 19</u>

Interrogatory no. 19 seeks information concerning the wages and benefits that plaintiff would have earned if she had been hired in a planning and allocation position at Bob's Stores on July 1, 2004.  Defendant contends that it has provided this information for a "Store Planner" in an affidavit. [Doc. #80 n. 5].  In her reply brief, plaintiff notes that the affidavit was provided <u>after</u> she filed the Motion to Compel. Importantly,

4

plaintiff contends that the dispute over Interrogatory No. 19 is not moot because the affidavit did not contain all of the information requested.  "In addition to the amount of wages, plaintiff's Interrogatory No. 19 requested that defendant identify the 'dollar value cost' to defendant of providing the employment benefits to plaintiff during each year of her employment from 2004 to the present, if she had been hired by defendant, as well as any bonuses or salary increases she would have received."[1]  [Doc. #83 at 6].  Clearly, defendant has not fully answered Interrogatory No. 19 and has offered no reasonable explanation for failing to do so.  Accordingly, defendant will answer Interrogatory No. 19 in accordance with Fed. R. Civ. P. 26 and 33.[2]

---

[1] Interrogatory No. 19 asks defendant to "identify all wages (including bonuses) and all fringe benefits, including but not limited to, medical, dental, life, retirement, worker's compensation, social security and medicare benefits, unemployment insurance, pension and/or profit sharing plans that would have been offered to Plaintiff, and for each year state the dollar value cost to Defendant of Plaintiff's wages (including bonuses) and fringe benefits, as well as any increase (e.g. cost of living, merit or other) that would have been given to Plaintiff."

[2] Notwithstanding defendant's assertion that the March 13, 2007, Mary Beth Kelly affidavit was responsive to Interrogatory No. 19, defendant provided the affidavit <u>after</u> plaintiff filed her March 2, 2007, motion to compel.  Plaintiff gave notice in her March 14, 2007, reply brief at pages 4-5 that the affidavit did not contain all the information sought. "In addition to the amount of wages, plaintiff's interrogatory No. 19 requested that Defendant identify the "dollar value cost" to defendant of providing the employment benefits to plaintiff during each year of her employment from 2004 to the present, if she had been hired by defendant, as well as any bonuses or salary increases she would have received." Plaintiff also seeks the "cost to defendant of providing those employment benefits each year, or the range of salary increases and bonuses received by others employed by BOB's in those positions from 2004 to the present." [Doc. #83 at 6].

Based on the foregoing, plaintiff's Motion to Compel **[Doc. #76]** is **GRANTED**. A decision on the Motion for Sanctions **[Doc. #78]** is **RESERVED**. Plaintiff will submit a motion for reasonable costs and fees incurred in bringing this motion to compel with supporting documentation.

Defendant's Motion to Compel Payment of Copying Costs **[Doc. #81]**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Connecticut, defendant moves to compel plaintiff to pay for the costs of copying documents she requested, and the Court ordered defendants to produce in the Court's February 2, 2007 Order. Defendant estimates it has produced nearly 34,000 pages of documents in response to plaintiff's discovery requests at a cost of $7,437.47. [Doc. #82 Ex. F].

Although Request for Production No. 16, as drafted by plaintiff, originally sought "copies of all documents, . . . relating to each of the candidates who were interviewed for employment in Defendant's Planning and Allocation School of Excellence (PASE) Program at any time from January 1, 2002 to the present," in the February 2, 2007 Order, the Court memorialized plaintiff's offer at oral argument "to limit the request to applicants hired for the PASE program for 2004 to the present." [Doc. #66 at 2 (emphasis added)]. Defendant's counsel states that she "understood the Court's February 2, 2007, Order granting Plaintiff's Motion to Compel Discovery to include the production

6

of documents relating to <u>all</u> PASE applicants whom TJX interviewed, including those whom TJX hired from 2004 to the present." [Kappelman Aff. ¶14 (emphasis added)]. However, at the January 9, 2007 argument on the motion to compel, defendant's counsel stated,

> MS. KAPPELMAN: So, I mean, I'm trying - You know, what Todd said is that he's - it's okay with him if we limit it to the people who we actually hired, and that helps some, because that limits it to about a third of the people, and we're likely to have, by the way, the information about the folks we hired. . .

[Doc. #85, Ex. A, Tr. 25-26].

Plaintiff first argues that she should not be required to pay the cost of copying 22,207 pages that plaintiff excluded from the scope of Document Request #16, and this Court did not order defendant to produce. The Court agrees. Plaintiff will forthwith return those documents, approximately 22,207 pages, concerning applicants who were not hired for the PASE Program. However, if plaintiff intends to use documents for <u>all</u> applicants <u>interviewed</u> for the PASE Program, <u>see</u> Plaintiff's Interrogatories #20 (requesting information on <u>all</u> applicants interviewed), she may retain the documents. Plaintiff will state if she intends to retain documents for applicants interviewed but not hired and report this to defendant and the Court. Otherwise, plaintiff will return the documents to defendant within ten (10) days, and will be responsible for the expense if she chooses to deliver the documents by courier.

7

In addition, plaintiff argues she should not be required to pay copying costs for 1,457 documents she refers to as "mystery documents." That number represents the discrepancy between the number of pages listed on the copy service's invoice and the actual number of pages received by plaintiff and marked by Bates Stamp numbers. The defendant at oral argument agreed.

Plaintiff next argues that she should not be required to pay .05 per page for Bates Labels that were not requested or ordered by the Court. Defendant stated that it ordered Bates Labels as a matter of custom in large document cases. The Court agrees with defendant that the expense for Bates labeling was appropriate.

Finally, plaintiff argues that fee shifting is not warranted in this case for copying costs for approximately 10,000 pages that she contends are responsive to Request for Production No. 16.[3] She argues that she should not be obligated to pay copying costs "where defendant (a) never provided Plaintiff with an opportunity to inspect responsive documents, or to arrange for alternative, less expensive means of making copies, and (b) never raised the issue of shifting the copying costs to Plaintiff until after the copies were made." [Doc. #85 at 2, 10]. Plaintiff argues that the relief sought by defendant, shifting copying costs to plaintiff, is not supported by the case law. The Court agrees.

---

[3] The Court notes that in effort to resolve the dispute, plaintiff offered to discuss "a reasonable split of some of the copying costs with respect to the 10,000 documents" at a rate of .04 per page. This offer was rejected. [Doc. #85 15-16].

8

Under the Federal Rules of Civil Procedure, "the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). Here, defendant did not petition the Court in response to the February 2, 2007 Order, to shift the cost of copying to plaintiff because of "undue burden or expense."[4] It is also undisputed that defendant did not contact plaintiff to provide an opportunity to inspect and mark the relevant documents in advance of copying nearly 34,000 pages. Nor did defendant provide plaintiff with an advance opportunity to select a copy service and/or agree to the page rate. The key distinction is that defendant did not petition the Court in advance to determine which party would bear the expense for copying.[5] Instead,

---

[4] Obiajulu v. City of Rochester, 166 F.R.D. 293, 297 (W.D.N.Y. 1996), quoted by defendant, states that "Rule 34 allows plaintiff to 'inspect and copy' relevant documents and does not require a responding party to pay for copying costs of voluminous material." However, in Obiajulu, defendant petitioned the Court for a protective order from plaintiff's request for copies of the personnel records of all individuals employed by the City. The City argued, among other things, that plaintiff's request was voluminous and it would be "unfair and burdensome" for the City to pay for copying and mailing. The Court agreed. As set forth above, the Court directed plaintiff to "inspect and copy whatever documents he wishes by either bringing in his own portable copy machine or by paying defense counsel reasonable copying costs not to exceed $.10 per page." Id.

[5] Defendant's cases bear this out. See Pouliot v. Paul Aepin Van Lines, Inc., No. 3:02CV1302(DJS), 2004 WL 1368869, *3 (D.

9

defendant requests after-the-fact payment of all copying costs at a rate of .16 per page plus an addition .05 per page for Bates Stamp.  Understandably, plaintiff objects.

Accordingly, defendant's Motion to Compel Payment of Copying Costs **[Doc. #81]** is **DENIED**.

<u>Plaintiff's Motion for Sanctions</u> **[Doc. #88]**

Plaintiff moves for an award of reasonable attorneys' fees, and expenses incurred in filing plaintiff's Motion to Compel, dated October 17, 2006 [doc. #45], which was granted by this Court on February 2, 2007 [doc. #66]; plaintiff's opposition to defendant's motion to compel payment for copying costs, dated April 2, 2007 [doc. #85]; and this Motion for Sanctions [doc. #88].  Additionally, plaintiff asks the Court to issue a "final warning to Defendant that any further sanctionable conduct engaged in by it, or its Counsel, during the remainder of this litigation will result in default." [Doc. #88].

Plaintiff's motion for costs and fees incurred in filing her Motion to Determine Sufficiency of Responses to Requests to Admit and in filing her  Motion to Compel dated October 17, 2006 is

---

Conn. June 14, 2004) (In ruling on a motion to compel expert information and document production, the court held that "[t]he party conducting the [expert] deposition shall bear the costs of copying the disclosed documents); <u>Obiajulu v. City of Rochester</u>, 166 F.R.D. 293, 297 (W.D.N.Y. 1996), (In ruling on a motion for protective order, the court ordered inspection of documents and ruled which party would be responsible for copying costs); <u>United States v. Fancher</u>, 195 F. Supp. 448, 454 (D. Conn. 1961) (In ruling on defendant's motion for production, discovery and inspection of documents, the court directed the Government to permit inspection and copying and ordered the defendant to bear the cost for copying).

**DENIED.** The record does not support an award of sanctions. The parties were able to resolve several issues raised in plaintiff's motions without the Court's intervention and, after discussion, plaintiff was willing to narrow the scope of several of her requests. Significantly, Defendant's arguments were not meritless. Defendant's failure to comply with the Court's February 2, 2007, ruling and order is not grounds to award costs and fees for filing the October motion.

Plaintiff's motion for costs and fees incurred in opposing defendant's motion for payment of copying costs is also **DENIED.** The Court is not inclined to award costs and fees on this record. It is not enough that plaintiff perceives that defendant's motion is without merit or is "frivolous," as motion practice serves an important purpose, that is, it permits parties to crystalize their arguments and, when necessary, to bring their disagreements to the Court for resolution.

<u>Plaintiff's July Letter Brief</u>

At oral argument, defendants agreed to provide the information sought within two (2) weeks or by Friday, July 27, 2007.

<u>CONCLUSION</u>

Plaintiff's Motion to Compel **[Doc. #76]** is **GRANTED.** Compliance with the ordered discovery will be made in ten (10) days of the filing of the Court's order. D. Conn. L. Civ. R.

37(5). A decision on plaintiff's Motion for Sanctions **[Doc. #78]** is **RESERVED**. Plaintiff will file a motion for reasonable costs and fees incurred in bringing this motion to compel with supporting documentation. Plaintiff will file the motion within ten (10) days.

Defendant's Motion to Compel Payment of Copying Costs **[Doc. #81]** is **DENIED**.

Plaintiff's Motion for Sanctions **[Doc. #88]** is **DENIED**.

Plaintiff's response to defendant's Motion for Summary Judgment [Doc. #60] is due **forty-five (45)** days after defendant provides responses to Interrogatories 18, 19 and 20.[6]

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 15th day of November 2007.

_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[6]This schedule was previously set by Judge Eginton.